UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANAE H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-6168-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income.[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence, Plaintiff's testimony, and Plaintiff's residual functional capacity ("RFC"). (Dkt. # 9.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1982, has a high school education, and worked as a farmer and a baker. AR at 24-25. Plaintiff was last gainfully employed in February 2021. *Id.* at 20.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

1    In February 2021, Plaintiff applied for benefits, alleging disability as of November 2020.

2  AR at 18. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

3  requested a hearing. *Id.* at 96-107. After the ALJ conducted a hearing in May 2023, the ALJ

4  issued a decision finding Plaintiff not disabled. *Id.* at 15-70.

5    Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part,

6  Plaintiff has the severe impairment of status post lumbar spine surgery and can perform light

7  work with some exceptions. AR at 20-21. She can occasionally climb ladders, ropes, and

8  scaffolds, she can occasionally crawl, and she can have occasional exposure to vibration and

9  extreme cold temperatures. *Id.* She also requires ready access to bathroom facilities within 100

10 feet of her workstation. *Id.*

11   As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

12 Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

13 Commissioner to this Court. (Dkt. # 4.)

14                    **III.    LEGAL STANDARDS**

15   Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

16 security benefits when the ALJ's findings are based on legal error or not supported by substantial

17 evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

18 general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

19 ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

20 (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

21 alters the outcome of the case." *Id.*

22

23
───────────────────────
[2] 20 C.F.R. § 416.920.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1. Kacie Hamreus, PA-C

In January 2021, PA-C Hamreus reviewed Plaintiff's longitudinal record and opined Plaintiff was functionally limited to less than sedentary work with significant postural limitations. AR at 584-85. The ALJ found this unpersuasive, noting the check box opinion was unsupported by narrative explanation or reference to specific objective evidence. *Id.* at 24. The Ninth Circuit has consistently held that an ALJ may reject checkbox opinions that lack

ORDER - 3

explanation or support. *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 740-41 (9th Cir. 2023); *Woods*, 32 F.4th at 793; *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

The ALJ also found this opinion inconsistent with the longitudinal record. AR at 24. The records cited by the ALJ indicate Plaintiff rated her pain at one out of ten (*id.* at 334-36); did not require an assistive device, had a normal gait, and could walk on her heels and toes, hop, and bend (*id.* at 500-04); and that her medication effectively managed her pain. *Id.* at 682-85. The ALJ reasonably determined this was inconsistent with PA-C Hamreus' opinion that Plaintiff was unable to perform sedentary work. *Id.* at 24; *see Ford*, 950 F.3d at 1156 (ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record).

Plaintiff asserts the ALJ erred because the opinion is consistent with the "overall findings of all" of her treatment providers, as well as her testimony that she was unable to maintain any postural position for more than ten minutes at a time. (Dkt. # 9 at 2-3.) This argument fails to establish error because it is the Commissioner who is responsible for translating clinical findings into a succinct RFC. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Furthermore, it fails to engage with the ALJ's reasoning. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's determination). Even assuming Plaintiff's view is reasonable, the Court cannot say that the ALJ's evaluation is unreasonable or unsupported. *See Thomas*, 278 F.3d at 954. As such, the Court affirms the ALJ's decision.

2. Richard Henegan, M.D.

In February 2022, Dr. Henegan examined Plaintiff and assessed she could stand for at least six hours, had no limitation in sitting, did not require an assistive device, and could lift 20 pounds occasionally and 10 pounds frequently. AR at 500-04. The ALJ found this opinion

ORDER - 4

persuasive because it was supported by the record, physical exam, and observations from the evaluation. *Id.* at 23. The ALJ also noted that Dr. Henegan's assessment of light work with few activity restrictions was consistent with the longitudinal record. *Id.* at 24 (citing *e.g.*, *id.* at 335, 362, 369, 417, 684, 776-82 (improvement and effective pain management with medication)).

Plaintiff challenges Dr. Henegan's credentials and broadly asserts the opinion is lacking in supportability and consistency. (Dkt. # 9 at 3.) As before, this argument fails to challenge the ALJ's analysis or identify a specific error in the decision. *See Molina*, 674 F.3d at 1111. Plaintiff's conclusory assertion also fails to meet the requirements necessary to present an issue for appellate review. *See Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The simple fact that Dr. Henegan specializes in obstetrics and gynecology, rather than orthopedics, does not undermine the ALJ's decision. There is no dispute that Dr. Henegan is a medical expert under the regulations. *See* 20 C.F.R. § 416.920c(b)(3). The ALJ identified specific evidence consistent with the opinion and found it supported by narrative explanation and objective evidence. The ALJ's evaluation is reasonable and supported by substantial evidence. Consequently, the Court affirms the ALJ's assessment of Dr. Henegan's opinion.

### 3. Other Medical Evidence

Plaintiff dedicates several pages to listing medical findings, asserting they support her alleged limitations. (Dkt. # 9 at 3-7.) This argument, which is merely a summary of facts without any supporting analysis or reference to case law, does not establish harmful error. *Putz*, 2022 WL 6943095, at *2. Bare assertions and lists of facts, without analysis, do not meet the requirement that Plaintiff present her contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d

ORDER - 5

1198, 1200 (9th Cir. 2007). "[A] bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash.*, 350 F.3d at 929-30.

The Court also notes that Plaintiff appears to suggest the ALJ erred at step two by not finding she had the severe impairment of cauda equina syndrome. (Dkt. # 9 at 6.) This argument, absent more, likewise fails to establish harmful error. *Molina*, 674 F.3d at 1115; *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding ALJ's failure to consider an impairment at step two harmless where ALJ considered any limitations posed by the impairment at a later step). There are no remaining issues with the medical evidence.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and discounted them because her testimony was inconsistent with her daily activities, unremarkable exam findings, and positive response to treatment and medication. AR at 21-24. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which parts of the testimony are not credible and explain what evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

As an initial matter, Plaintiff argues the ALJ failed to properly evaluate all of the medical evidence. (Dkt. # 9 at 7.) This argument fails to establish error because the ALJ properly

assessed the medical evidence, as the Court found earlier. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Next, Plaintiff asserts the ALJ erred by relying on her activities to reject her testimony. She argues these activities are not valid indicators of her ability to work and do not show she could perform any type of work on a sustained basis. (Dkt. # 9 at 7-8.) Here, the ALJ evaluated Plaintiff's testimony concerning her inability to walk short distances, stand or sit for extended periods of time, work as a farmer, and bend, lift, or twist. AR at 21-24 (citing *e.g.*, *id.* at 194, 199, 221, 226). The ALJ found this inconsistent with her ability to live with friends, attend to personal needs, perform household chores, walk outside, shop in stores, use the computer, talk on the phone, prepare meals, and meditate. *Id.* at 22 (citing *id.* at 37-63, 194-202, 220-28, 500-05). Even if this evidence is susceptible to more than one rational interpretation, the Court cannot say that the ALJ's interpretation was unreasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of activities had more than one rational interpretation); *see also Molina*, 674 F.3d at 1112-1113 ("Even where . . . activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Plaintiff also contends the ALJ erred by acting as a medical expert and mischaracterizing the record. (Dkt. # 9 at 8-9.) The ALJ found Plaintiff's conservative treatment and the objective medical evidence undermined the severe limitations Plaintiff described. AR at 21-24 (citing *e.g.*, *id.* at 307, 334-36, 339, 684, 776-82 (describing effective treatment with medication and physical therapy), 502-03, 664, 684, 690 (benign physical exam findings, no assistive device required to walk, normal gait and range of motion)). Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject a

ORDER - 7

claimant's allegation of disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Although Plaintiff repeatedly states the ALJ's decision is unsupported and unreasonable, she does not articulate a specific error in the ALJ's evaluation. Accordingly, the Court finds the ALJ's discussion of the longitudinal record was reasonable and supported by substantial evidence. *See Molina*, 674 F.3d at 1111; *Smartt*, 53 F.4th at 499.

Finally, Plaintiff spends several pages summarizing portions of the record from testimony during the hearing without making an argument or showing a logical connection between the testimony and an alleged error by the ALJ. (Dkt. # 9 at 9-11.) Plaintiff then asserts the summarized testimony is the testimony the ALJ improperly rejected. (*Id.* at 11.) This argument is unavailing because Plaintiff fails to address any of the ALJ's reasons for rejecting this testimony. While Plaintiff contends "a reasonable ALJ who properly evaluated and fully credited this evidence could have reached a different disability determination" (*id.*), just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).

In sum, the record reflects that the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony, and Plaintiff's conclusory disagreement with the ALJ's reasoning fails to show harmful error. Even assuming the evidence is susceptible to more than one reasonable interpretation – the ALJ's and Plaintiff's – the Court is required to uphold the ALJ's interpretation.

**C.     The ALJ Did Not Err in Evaluating Plaintiff's RFC**

Plaintiff contends the ALJ erred in evaluating her RFC by not including all of the limitations alleged by PA-C Hamreus and herself. (Dkt. # 9 at 12.) This argument fails to

establish error because the ALJ properly evaluated this evidence, as discussed *supra*. See *Stubbs-Danielson*, 539 F.3d at 1175-76.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 1st day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge